UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. MOSS,

        Petitioner,        FILE NO. 5:04-CV-25

v.        HON. ROBERT HOLMES BELL

JOHN CASON,

        Respondent.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #44). The matter presently is before the Court on Petitioner's objections to the R&R (docket #45). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## II.

Petitioner's objections to the R&R are lengthy. The first six pages of the objections, however, are addressed to general arguments set forth in the original petition, broadly discussing the errors made by the Michigan Court of Appeals. As previously discussed, such arguments are insufficient to satisfy the requirement that a petitioner make specific objections to the R&R. *See Miller*, 50 F.3d at 380.

At pages seven to eight of his objections, Petitioner describes four omissions from the recitation of facts contained in the R&R. The Court has reviewed the ostensible omissions described by Petitioner and finds no error. Petitioner's effort to describe the facts in a more favorable light does not render inaccurate the facts as described by the Magistrate Judge.

In his next objection, Petitioner contends that the Magistrate Judge erred in rejecting his claim that the Michigan Court of Appeals impermissibly reinterpreted facts found by the trial judge in granting a new trial. Specifically, Petitioner argues that the court of appeals improperly overturned the trial court's conclusion that defense counsel had rendered ineffective assistance in three ways: (1) failing to adequately investigate the case and failing to present evidence from a nurse expert; (2) failing to call witnesses know to him in his own investigation that would have challenged the credibility of the complaining witness; and (3) failing to present Petitioner's response to the prosecution's attack on Petitioner's police statement. He argues that the court of appeals instead improperly reached issues not argued by the prosecution or properly before the court: (1) that the nurse testifying at the evidentiary hearing on the motion for new trial was not qualified to testify; (2) that the testimony of two witnesses who could document the complaining witness' prior false accusations against another staff member was likely not admissible or, if admissible, would not led to a different result; and (3) since Petitioner concurred in the decision not to testify in his own behalf, counsel's alleged deficient performance was not relevant.

As the Magistrate Judge concluded, Petitioner's objection addresses the propriety of the court of appeals' reversal under state law. Petitioner questions only whether the court of appeals properly reached certain issues that were not properly presented by the appellant or briefed by the parties. These claims necessarily implicate questions of process under state law, not federal constitutional questions. Habeas corpus relief is not available to address questions of state law. *See* 28 U.S.C. § 2254(a) (habeas corpus relief is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (federal habeas court may not re-examine state-court determinations on state-law questions); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (federal court lacks power to intervene on basis of perceived error of state law). The Magistrate Judge therefore correctly rejected Petitioner's challenge to the authority of the court of appeals to reach the issues it did.

Petitioner argues, however, that, in reviewing the decision of a state court, a habeas court should not only look to the highest court deciding the question, but also should review under AEDPA standards the decisions of lower courts. In this instance, he argues, the Court should examine whether the trial court properly granted a new trial on the basis of constitutional error, independently of the decision of the court of appeals.

Petitioner cites no authority supporting his argument. It unquestionably is true that, where a state appellate court has unreasonably found facts or unreasonably applied Supreme Court precedent in overturning a decision of a trial court, the habeas court result may be

4

consistent with that of the trial court. *See Williams v. Taylor*, 529 U.S. 362, 395 (2000) (noting that the trial judge, not the Virginia Supreme Court, had correctly analyzed the ineffective assistance of counsel claim). That fact, however, in no way suggests that the habeas court's review is directed to the trial court's decision in the first instance. Indeed, such a proposition would undermine the very purpose of comity served by the total exhaustion requirement of habeas corpus claims. *See White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005) (total exhaustion requirement for habeas claims is grounded in concerns of comity between federal and state courts) (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984), and *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981)). As a consequence, this Court reviews the last decision of the Michigan courts for reasonableness under the AEDPA.

Petitioner next argues that the Magistrate Judge mistakenly applied deferential AEDPA review to three of Petitioner's claims of ineffective assistance of counsel, rather than applying *de novo* review to all of his ineffective assistance claims.[1] Petitioner contends that,

---

[1] Petitioner mistakenly states that the Magistrate Judge applied *de novo* review to four of Petitioner's seven claims of ineffective assistance. Instead, the Magistrate Judge addressed only six claims of ineffective assistance. The Magistrate Judge applied to three of those claims the "modified AEDPA deference" standard described in *Maldonado v. Wilson*, 416 F.3d 470, 475-76 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1038 (2006), for cases in which the state court has decided an issue without articulating its rationale. That standard, while requiring an independent review of the record, is not a full *de novo* review. *Id.* at 476 (citing *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). Under the modified standard, a court must determine whether the state court result was contrary to or an unreasonable application of federal law. *Id.* A habeas court will apply *de novo* review only where the state court did not address the claim, leaving "no results, let alone reasoning, to which [the habeas] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). No such claim was in issue in the instant case.

5

"[i]n fashioning restrictions on habeas corpus relief, Congress did not intend the federal courts to restrict the scope of review mandated by the United States Supreme Court with respect to the ineffective assistance of counsel claim." (Pet. Objections to R&R, at 12.) Petitioner's claim has been rejected by the courts. As the Magistrate Judge discussed in the R&R, the Sixth Circuit recently has emphasized that, although *Strickland* imposes a high burden on an individual seeking to overturn a conviction on the basis of ineffective assistance of counsel, the burden is "even higher for a petitioner proceeding under AEDPA." *Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006)

> For [a petitioner] to succeed, . . . he must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state] court of appeals applied *Strickland* to the facts in an objectively unreasonable manner.

*Id.* (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)). Petitioner's objection therefore is rejected.

Petitioner next objects that the Magistrate Judge improperly characterized Petitioner's description of his ineffective assistance of counsel claim as "vague." (R&R at 40.) Because of the Magistrate Judge's characterization, Petitioner reargues why the Michigan Court of Appeals improperly decided the six claims of ineffective assistance of counsel.

The Magistrate Judge properly stated that the ineffective assistance of counsel claim, as articulated by Petitioner was vague. The Magistrate Judge, however, identified the six possible claims apparent from Petitioner's statement of facts and separately addressed each.

6

Petitioner does not suggest that the Magistrate Judge failed to address any claim. Use of the word "vague," therefore, is irrelevant to the determination of the issues.

Moreover, Petitioner's reargument of the issues presented in the habeas petition fail to meet the specificity required of objections to an R&R. *See Miller*, 50 F.3d at 380.

In his next objection, Petitioner contends that the Magistrate Judge improperly concluded that Petitioner failed to meet the prejudice prong of the *Strickland* analysis. Specifically, he complains that the Magistrate Judge incorrectly evaluated the significance of the credibility of the complaining witness. The Magistrate Judge reasoned that, because Petitioner did not dispute most of the events, only the witness' interpretation of those events, the witness' credibility was of limited relevance to the case. As a result, the failure to introduce more evidence of the witness' history and reputation for honesty was not prejudicial under the standard of *Strickland*.

Petitioner identifies four ways in which his statement disputed the facts to which the complaining witness testified. I have reviewed each and find that the Magistrate Judge's conclusion regarding prejudice was properly reasoned and fully supported. In any event, the Magistrate Judge's determination on the issue of prejudice was secondary to his conclusion that the Michigan Court of Appeals properly concluded that counsel's performance did not fall below the objective standard of reasonableness demanded by the Constitution. As a result, the prejudice finding was unnecessary to the Magistrate Judge's recommended result.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Janie Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not find that this court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability.

A judgment consistent with this opinion shall be entered.


Date:   November 3, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE